**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUN Y. WANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:12-cv-01161-RCJ-CWH |
| vs. ) | |
| ) | |
| COUNTRYWIDE BANK, N.A. et al., ) | **ORDER** |
| ) | |
| ) | |
| Defendants. ) | |

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Jun Wang has sued Defendants in pro se in this Court based upon the foreclosure of her mortgage. The Complaint lists seven causes of action: (1) fraud; (2) Real Estate Settlement Procedures Act ("RESPA"); (3) "fraudulent foreclosure"; (4) Fair Debt Collection Practices Act ("FDCPA"); (5) Truth in Lending Act ("TILA"); (6) "fraudulent assignment"; and (7) "notary fraud." The Court denied a motion for a preliminary injunction because Plaintiff had not properly served any Defendant[1] or provided enough evidence for the Court to conclude that

---

[1] Plaintiff filed into the record certificates of service consisting of copies of return receipts for pieces of mail received by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Countrywide Bank, N.A. ("Countrywide"). Plaintiff apparently mailed a copy of the summons but not the complaint (only the summons is attached to the certificate of service), to these entities at the same address in Simi Valley, California. Plaintiff's affidavits of service are undated and are signed by her. The method of service is not indicated on the affidavits. Nor is there any indication that Plaintiff complied with California Code of Civil Procedure section 415.30, governing service by mail, which requires copies of the summons and the complaint, as well as a form for a defendant to acknowledge receipt. *See* Cal. Code Civ. P. § 415.30. Nor was

she was likely to succeed on the merits. Specifically, there was no evidence adduced of any foreclosure proceedings such as a notice of default or the like. Defendants have filed a motion to dismiss for improper service and failure to state a claim. The Court dismisses for both failure to serve and failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

---

there any evidence that the Motion for Preliminary Injunction was served upon any Defendant.

1  "Generally, a district court may not consider any material beyond the pleadings in ruling
2  on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the
3  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*
4  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents
5  whose contents are alleged in a complaint and whose authenticity no party questions, but which
6  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
7  motion to dismiss" without converting the motion to dismiss into a motion for summary
8  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule
9  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
10 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court
11 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
12 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.
13 2001).

## III.   ANALYSIS

The Court notes that in adjudicating the previous motion, no Defendant had yet appeared, so there was no indication of actual notice, and no evidence of sufficient attempts at notice under the rules. Now, however, Defendants have appeared. They clearly have actual notice of the suit. Actual notice can cure a failure of formal notice when "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). The Court is satisfied that these elements are present here. Actual notice is not in doubt, and Defendants would suffer no prejudice, such as through the loss of a statute of limitations defense. Plaintiff's pro se status provides a sufficient excuse for her failure to effect proper notice in this case, where she has made good faith attempts at proper notice

without the aid of an attorney.  Finally, Plaintiff may be severely prejudiced if the case were dismissed, because the expungement of the lis pendens even for a brief period before Plaintiff refiles her case, may result in the loss of real estate.  Although curable in part through damages, real estate is considered unique, and its loss can be legally irreversible and incurable.  The Court will therefore excuse the failure to formally serve Defendants and address the motion on the merits.

The Court will dismiss in part on the merits.  Plaintiff's only argument in response to the motion to dismiss is that her loan was securitized, one or more Defendants received government "bailout" funding, and that Nevada law requires negotiation of loans that are in default.  Plaintiff admits the validity of the debt and the fact of default, however she alleges that Countrywide filed the Notice of Default when it was not the beneficiary and before it was substituted as the trustee. (Compl. ¶¶ 61–63, July 3, 2012, ECF No. 1).  Plaintiff also alleges that Countrywide execute the substitution at a time when it had no authority to do so. (*See id.* ¶ 65).  These last two allegations are sufficient to state a claim for statutorily defective foreclosure, though the Court rejects the argument that securitization of a loan makes it unenforceable or that government assistance to a party extinguishes debts owed to the party by third persons.

The alleged fraud concerns Plaintiff's alleged unsuitability for the loan offered not any misrepresentations made about the terms of the loan.  Plaintiff's alleged qualified written requests under the Real Estate Settlement Procedures Act ("RESPA") concerned pooling and servicing agreements between her lender and third parties, which are not requests concerning her own account and therefore not "qualified written requests."  And as Defendants note, the statute of limitations ran on a RESPA claim long ago. *See* 12 U.S.C. § 2614.

The Fair Debt Collection Practices Act fails, because Plaintiff does not allege the mortgage was in default when the foreclosing entity acquired it such that the Court can conclude the foreclosing entity was a "debt collector" under the act.

1    Plaintiff alleges that the lender, Countrywide violated the Truth in Lending Act ("TILA")
2 because it disclosed the interest rate differently in two places: 6.5% in one place, and 8.646% in
3 another. (*See id.* ¶ 72). Defendants, however, properly note that the statute of limitation on the
4 TILA claim ran long ago. *See* 15 U.S.C. § 1640(e).
5    In summary, only the third cause of action survives, as a claim for violation of Nevada
6 Revised Statutes section 107.080. The Court does not have the foreclosure documents before it
7 at this time, and Plaintiff has sufficiently alleged a defect in foreclosure to avoid dismissal, i.e.,
8 the substitution of a foreclosing trustee by an entity without authority to make the substitution,
9 and the subsequent filing of a notice of default by that entity when it was not the beneficiary and
10 before it was (whether properly or improperly) substituted as the trustee. Although Plaintiff was
11 not entitled to a preliminary injunction based purely on these allegations, they are sufficient to
12 survive a motion to dismiss. The Court requests the parties submit the relevant foreclosure
13 documents to any future dispositive motions.

## CONCLUSION

15    IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED IN
16 PART. All claims are dismissed, except the claim for statutorily defective foreclosure.
17    IT IS SO ORDERED.
18 Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge