1

2

3

4              **UNITED STATES DISTRICT COURT**

5                 **DISTRICT OF NEVADA**

6

7    JUN Y. WANG,                          )
                                           )
8              Plaintiff,                  )
                                           )          2:12-cv-01161-RCJ-CWH
9         vs.                              )
                                           )
10   COUNTRYWIDE BANK, N.A. et al.,        )          **ORDER**
                                           )
11                                         )
               Defendants.                 )

12   _____

13        This case arises out of the foreclosure of Plaintiff's mortgage.  Pending before the Court

14   is Defendants' Motion for Summary Judgment (ECF No. 19).  Because Plaintiff has not timely

15   responded, *see* L.R. 7-2(d), and for the reasons given herein, the Court grants the motion.

16   **I.      FACTS AND PROCEDURAL HISTORY**

17        Plaintiff Jun Wang sued Defendants Countrywide Bank, N.A. ("Countrywide"), Mortgage

18   Electronic Registration Systems, Inc. ("MERS"), and Merscorp., Inc. in this Court for: (1) fraud;

19   (2) Real Estate Settlement Procedures Act ("RESPA"); (3) "fraudulent foreclosure"; (4) Fair

20   Debt Collection Practices Act ("FDCPA"); (5) Truth in Lending Act ("TILA"); (6) "fraudulent

21   assignment"; and (7) "notary fraud."  The Court denied a motion for a preliminary injunction

22   because Plaintiff had not properly served any Defendant or provided enough evidence for the

23   Court to conclude that she was likely to succeed on the merits.  Specifically, there was no

24   evidence adduced of any foreclosure proceedings such as a notice of default or the like.

25   Defendants filed a motion to dismiss, which the Court granted, except as to the claim for

1  statutorily defective foreclosure, because Plaintiff alleged the substitution of a foreclosing trustee

2  by an entity without authority to make the substitution and the subsequent filing of a notice of

3  default by that entity when it was not the beneficiary and before it was substituted as the trustee.

4  The Court still had no foreclosure documents before it at that time.  Defendants[1] have now

5  moved for summary judgment.

6  ## II.    SUMMARY JUDGMENT STANDARDS

7         A court must grant summary judgment when "the movant shows that there is no genuine

8  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

9  Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v.*

10 *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there

11 is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A

12 principal purpose of summary judgment is "to isolate and dispose of factually unsupported

13 claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary

14 judgment, a court uses a burden-shifting scheme:

15 > When the party moving for summary judgment would bear the burden of proof at
   > trial, it must come forward with evidence which would entitle it to a directed verdict

16 > if the evidence went uncontroverted at trial.  In such a case, the moving party has the
   > initial burden of establishing the absence of a genuine issue of fact on each issue

17 > material to its case.

18 *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations

19 and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden

20 of proving the claim or defense, the moving party can meet its burden in two ways: (1) by

21 presenting evidence to negate an essential element of the nonmoving party's case; or (2) by

22 demonstrating that the nonmoving party failed to make a showing sufficient to establish an

23 element essential to that party's case on which that party will bear the burden of proof at trial. *See*

24

25      [1]Movants are MERS, Merscorp, and Bank of America, N.A. ("BOA"), Countrywide's
   successor-in-interest.

1  *Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary

2  judgment must be denied and the court need not consider the nonmoving party's evidence.  *See*

3  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

4      If the moving party meets its initial burden, the burden then shifts to the opposing party to

5  establish a genuine issue of material fact.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

6  475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party

7  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

8  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

9  versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

10  626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment

11  by relying solely on conclusory allegations unsupported by facts.  *See Taylor v. List*, 880 F.2d

12  1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and

13  allegations of the pleadings and set forth specific facts by producing competent evidence that

14  shows a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

15      At the summary judgment stage, a court's function is not to weigh the evidence and

16  determine the truth, but to determine whether there is a genuine issue for trial.  *See Anderson*, 477

17  U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are

18  to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely

19  colorable or is not significantly probative, summary judgment may be granted.  *See id.* at 249–50.

20  **III.    ANALYSIS**

21      Defendants argue that the Complaint is a form complaint that does not match the facts of

22  Plaintiffs' case in some respects and that there can be no statutorily defective foreclosure because

23  there has been no foreclosure sale or even any notice of default recorded against the subject

24  property.  The Court ruled at the dismissal stage that the Complaint satisfied Rule 8(a) with

25  respect to the statutorily defective foreclosure claim.  Defendants have, however, satisfied their

initial burden on summary judgment against the defective foreclosure claim by demonstrating that Plaintiff has failed to make a showing sufficient to establish an element essential to the defective foreclosure claim, i.e., that there has been any foreclosure.[2]  Plaintiff has not produced any evidence of foreclosure proceedings in response.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 19) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 26th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge

_____

[2]Defendants adduce the deed of trust ("DOT"), indicating a February 20, 2007 adjustable-rate loan for $304,000, secured by the real estate at 8461 Indigo Harbor Ave., Las Vegas, NV 89117.  Defendants also adduce an assignment of the DOT from Countrywide to BAC Home Loans Servicing LP, BOA's predecessor-in-interest.